UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWIN GUASP-SANTOS and
HERITAGE ROOFING & GUTTERS, INC.,
Plaintiffs,

v. Case No. 8:26-cv-1286-JLB-GDP

GOODLEAP, LLC, *et al.*,
Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff Edwin Guasp-Santos ("plaintiff") moves to remand this lawsuit removed to federal court by defendant GoodLeap, LLC (Doc. 14). The plaintiff argues that remand is required because the defendants did not unanimously agree to removal of this action. Alternatively, the plaintiff seeks leave to amend its complaint to eliminate the federal claims and requests remand for lack of subject matter jurisdiction. GoodLeap, LLC, did not file a response to this motion. Because the removal is defective, I recommend that the Motion to Remand be granted.

I.

In October 2024, plaintiffs Edwin Guasp-Santos and Heritage Roofing & Gutters, Inc., filed a lawsuit against defendants KR Communications, LLC; KR Solar, LLC; and Keith C. Ryan in the Circuit Court of the Thirteenth Judicial Circuit

in and for Hillsborough County, Florida (see Doc. 1, pp. 13, 15). The lawsuit relates to the financing of a roof replacement and installation of a solar energy system at Guasp-Santos's residence ("the project").[1] The plaintiffs served the complaint upon defendant KR Communications, LLC (*id.,* p. 11, entry 13). KR Solar filed an answer to the complaint and participated in the litigation, although the state court record does not show that the plaintiffs served either KR Solar or defendant Ryan.

In March 2026, the plaintiffs filed an amended complaint, adding Goodleap, LLC ("GoodLeap") as a defendant (*see id.,* p. 8, entry 57). GoodLeap is a loan company that financed the project. The amended complaint alleges that GoodLeap violated several state and federal laws in connection with the loan for the project. The plaintiffs served GoodLeap the amended complaint on April 3, 2026 (*see id.,* p. 1).

On May 1, 2026, GoodLeap timely filed a Notice of Removal, relying on the court's original jurisdiction for federal subject matter jurisdiction (*id.,* pp. 1-3; *see* 28 U.S.C. §1441(a)). The Notice of Removal identifies Edwin Guasp-Santos as the plaintiff and GoodLeap as the sole defendant (*id.,* p. 1). Thus, the Notice of Removal does not mention defendants KR Solar, LLC; KR Communications, LLC; or Keith

[1] The plaintiffs allege that the KR defendants misused funds that Guasp-Santos borrowed to pay for the project and breached a settlement agreement to resolve that dispute.

C. Ryan. GoodLeap also does not assert that any of those defendants consented to removal of this case to federal court.

On May 29, 2026, plaintiff Guasp-Santos filed a Motion to Remand, alleging that the removal "is procedurally defective because the Notice of Removal does not establish that all properly joined and served defendants joined in or consented to removal, as required by 28 U.S.C. § 1446(b)(2)(A)" (Doc. 14, p. 2).[2] Alternatively, the plaintiff requests leave to file a second amended complaint that removes the federal claims, and for the court to remand the action based on the absence of subject matter jurisdiction. The motion was referred to me. GoodLeap did not file a memorandum in opposition to the requested relief.

II.

Federal courts are of limited jurisdiction, and a removing defendant has the burden of establishing federal subject matter jurisdiction and compliance with the procedures for removal set forth in 28 U.S.C. § 1446. *See Russell Corp. v. Am. Home Assur. Co.,* 264 F.3d 1040, 1044 (11th Cir.) 2001. Generally, all defendants must consent to removal when, as here, the removal is premised upon original jurisdiction. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or

---

[2] Plaintiff Heritage Roofing & Gutters, Inc., does not join in this motion.

consent to the removal of the action.”). This is known as the “unanimity requirement.” *Russell Corp.,* 264 F.3d at 1044.

Each defendant may join in the removal “by signing the notice of removal, or by explicitly stating for itself its consent on the record, either orally or in writing, within the 30–day period prescribed in 28 U.S.C. § 1446(b).” *Diebel v. S.B. Trucking Co.,* 262 F. Supp. 2d 1319, 1328 (M.D. Fla.) 2003; *see also Gay v. Fluellen*, No. 8:06-cv-2382-T-30MSS, 2007 WL 676219 at *2 (M.D. Fla.) 2007.

When a plaintiff questions the propriety of the defendant's removal petition, the removing defendant bears the burden of showing that removal was proper. *See Russell Corp.,* 264 F.3d at 1044; *Lazo v. U.S. Airways, Inc.*, No. 08-80391-CIV, 2008 WL 3926430 at *1 (S.D.Fla.) 2008 (“The burden rests with the removing party to show that it followed the proper removal procedures.”).

The failure to comply with the unanimity requirement is a defect in the removal process that warrants remand under 28 U.S.C. § 1447(c). *Russell Corp.,* 264 F.3d at 1044; *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir.) 1999 (“The failure to comply with the[] express statutory requirements for removal can fairly be said to render the removal “defective” and justify a remand pursuant to § 1447(c).”) .

III.

The plaintiff argues that remand is required because GoodLeap failed to establish the unanimous consent of all defendants for removal under §1446(b)(2)(A).[3] The motion is well-taken for two reasons.

GoodLeap did not oppose the requested relief in accordance with this court's Local Rules. Under M.D. Fla. Local Rule 3.01(d) if a party does not respond to a motion within 14 days "the motion is subject to treatment as unopposed." Thus, a failure to file a responsive memorandum is, itself, a basis to grant the motion.

Notably, GoodLeap had far longer than 14 days to file a response. Furthermore, the court recently afforded GoodLeap an additional 14 days to oppose the motion, cautioning it again that the motion may be treated as unopposed if it did not file an opposition memorandum (Doc. 16). Notwithstanding, GoodLeap did not respond. Therefore, the motion to remand is properly granted for failure to comply with M.D. Fla. Local Rule 3.01(d).

The motion is also meritorious because GoodLeap's removal is procedurally defective. As the plaintiff argues, GoodLeap did not comply with the unanimity

---

[3] As a threshold matter, the Motion to Remand was timely filed. GoodLeap filed its Notice of Removal on May 1, 2026, and the plaintiff moved to remand this action on May 29, 2026, which is within the 30-day time limit. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

requirement. Thus, the Notice of Removal does not reflect that any other defendant (KR Solar, LLC; KR Communications, LLC; or Keith C. Ryan) joined in the removal of this case (Doc. 1, pp. 1-3). To the contrary, GoodLeap did not even mention the other defendants in the Notice of Removal. Furthermore, there is no Notice of Consent in the court record from any of these defendants. *See Gay*, 262 F. Supp. 2d at 1328; *Diebel,* 2007 WL 676219 at *2 (to properly effect removal each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the 30-day period prescribed in § 1446(b)).

Moreover, since GoodLeap did not respond to the motion, it obviously did not refute the plaintiff's allegations that the removal is defective. *See Beard v. Lehman Bros. Holdings*, 458 F. Supp. 2d 1314, 1318 (M.D. Ala.) 2006 ("Where a plaintiff challenges the suitability of a defendant's removal petition, the burden of confirming that removal was proper falls upon the defendant.").[4]

In sum, GoodLeap's removal was procedurally defective because it did not comply with the unanimity rule. Accordingly, the case is appropriately remanded to

---

[4] For example, there are three exceptions to the unanimity rule: "(1) the non-consenting defendants had not been served with process at the time the notice of removal was filed; (2) the unconsenting defendants are nominal or formal defendants; or (3) removal is pursuant to § 1441(c)." *Diebel,* 262 F. Supp. 2d 1319, 1329 (M.D. Fla) 2003. GoodLeap fails to show any is applicable.

state court under 28 U.S.C. § 1447(c). *See Russell Corp.*, 264 F.3d at 1044; *Snapper, Inc.*, 171 F.3d at 1253.

IV.

For the foregoing reasons, I recommend that the Plaintiff's Motion to Remand (Doc. 14) be granted. Accordingly, it is appropriate to remand this lawsuit to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. The plaintiff's alternative request to amend his complaint is moot.

**GREGORY D. PIZZO**
United States Magistrate Judge

DATED: AUGUST 27, 2026

NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.